UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HERMAN OTTO FRITZ,

        Plaintiff,         Case No. 14-cv-14058

v         Honorable Thomas L. Ludington

PEOPLE OF THE STATE OF MICHIGAN,

        Defendant.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE NOTICE OF REMOVAL**

Plaintiff Herman Otto Fritz, a former Michigan prisoner presently living in Elkhart, Indiana, recently filed a *pro se* "Notice of Action for Removal" under 28 U.S.C. § 1441. His notice seeks to remove a Bill of Review from Cass County Circuit Court in Cassopolis, Michigan, to this Court. Because Cass County does not lie within the Eastern District of Michigan, this District is not the proper venue for Plaintiff's federal action, and his notice of removal must be dismissed.

**I**

Plaintiff filed his notice of removal on October 20, 2014. At the time, he was a state prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan. Records maintained by the Michigan Department of Corrections on its official website indicate that Petitioner pleaded guilty to two drug crimes in Cass County Circuit Court and was sentenced on May 27, 2011, to three to twenty years' imprisonment.[1]

In his notice of removal, Plaintiff purports to remove a Bill of Review from Cass County Circuit Court to this Court. The Bill of Review seeks to have the Cass County Circuit Court re-

---

[1] *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=801665.

sentence Plaintiff to time served and to immediately release him from custody with no parole supervision. The Notice of Removal in this Court presents the following questions:

1. Pursuant to the valid contractual obligation in the above cited State of Michigan criminal accusations, did the Cass County Circuit Court issue a valid judgment of sentence upon the Defendant-Appellant, inclusive of the present?

2. Have the agents, actors and employees of the Michigan Department of Corrections (MDOC) in violation of constitution and law usurped and voided the terms of that contractual obligation by their creation and ex post facto application of sub-contract obligations with private corporate entities and by their creation of MDOC policy and procedure that also usurp the superior contract of sentence?

3, When the petitioner complained to the sentencing court, did the state circuit court fail and/or refuse to correct the contractual violation?

## II

A threshold question is whether venue is proper in this District. "Venue in removed cases is governed solely by [28 U.S.C. ]§ 1441(a)." *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 534 (6th Cir. 2002). "Section 1441(a) expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953). Plaintiff is removing an action from Cass County Circuit Court, the county where he was convicted and sentenced. Cass County lies in the Southern Division of the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Consequently, this District is not the proper federal district for Plaintiff's removal action.

When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). It appears to the Court that the Michigan Department of

Corrections released Plaintiff to the Indiana Department of Corrections,[2] and that the Indiana Department of Corrections has discharged Plaintiff from prison.[3] The interests of justice therefore do not require transferring this case to the Western District of Michigan, which is the proper federal district for Plaintiff's action.

### III

Accordingly, it is **ORDERED** that the "Notice of Action for Removal" (ECF No. 1), which was docketed as a civil complaint, is **DISMISSED** without prejudice.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 18, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon Herman Fritz #801665, 933 McPherson, Elkhart, IN 46514 by first class U.S. mail on December 18, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS

---

[2] *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=801665 (the Michigan Department of Corrections website indicating that Plaintiff's assigned location is Indiana).

[3] *See* http://in.gov/apps/indcorrection/ofs/ofs?lname=Fritz&fname=Herman (indicating the word "discharge" for the Indiana "facility/location").