UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HERMAN FRITZ,

        Plaintiff,                                    Case No. 14-cv-14058

v                                                 Honorable Thomas L. Ludington

PEOPLE OF THE STATE OF MICHIGAN,

        Defendant.
_____/

## ORDER DENYING MOTION TO CHANGE VENUE

On October 20, 2014, Herman Fritz filed a "Notice of Action for Removal" requesting "that this Federal District Court ORDER the above and herein described state court action REMOVED to this Federal District Court . . . ." ECF No. 1 at 5. Fritz requested that the instant action be removed from Cass County Circuit Court, which lies in the Southern Division of the Western District of Michigan.

On December 18, 2014, the Court summarily dismissed Fritz's Notice of Action for Removal without prejudice because venue was not proper in the Northern Division of the Eastern District of Michigan. In addition, the Court concluded that the interests of justice did not warrant transfer of the case pursuant to 28 U.S.C. § 1406(a). Accordingly, Fritz's Notice was dismissed without prejudice.

On December 30, 2014, Fritz filed a "Motion for Change for Venue" requesting that the action be transferred to the Southern Division of the Western District of Michigan. Because this Court has already entered judgment against Fritz in this matter, his motion will be construed as a motion for reconsideration of this Court's December 18, 2014 Order.

Pursuant to Rule 7.1(h)(3), "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reason of implication." In a motion for reconsideration, the movant must demonstrate that the court and the parties were misled by a "palpable defect." *Id*. A "palpable defect" is a defect that is obvious, clear, unmistakeable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have presented earlier. *Sault Ste. Marie v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Here, Fritz is requesting that this Court transfer his case to the Southern Division of the Western District of Michigan. This Court has already determined that the interests of justice do not warrant transfer pursuant to 28 U.S.C. §1406(a).[1] Fritz has not identified a "palpable defect" in the Court's December 18, 2014, and therefore his motion will be denied.

Accordingly, it is **ORDERED** that Herman Fritz's Motion to Change Venue (ECF No. 8) is **DENIED**.

Dated: January 14, 2015      s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail and on Herman Fritz #801665, 933 McPherson, Elkhart, IN 46514 by first class U.S. mail on January 14, 2015.

s/Tracy A. Jacobs
TRACY A. JACOBS

---

[1] In his motion, Fritz requests that this Court transfer the action pursuant to 28 U.S.C. § 1404. However, an action may only be transferred pursuant to § 1404(a) if venue is proper in the transferor district—and this Court has already determined that venue is not proper in this district. Because Fritz is proceeding *pro se*, the Court will construe his motion liberally as seeking transfer pursuant to § 1406(a), which permits transfer when venue is not proper in the transferor district. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed . . . .'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).